THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**
  **Plaintiff,**

vs.   CASE NO: 15 – CR -20040
  HON. JUDITH LEVY

**DERRICK WHITE (D-1)**
  **Defendant.**

---

CARL GILMER-HILL
Assistant U.S. Attorney
211 W. Fort Street, Suite
Detroit, MI 48226
(313) 226-9692

BYRON PITTS (P59079)
Counsel for the Defendant
535 Griswold Suite
Detroit, MI 48226
(313)964-7222

---

### MOTION OF DERRICK WHITE TO REVEAL IDENTITY OF INFORMANTS AND CONTENTS OF DEALS

NOW COMES the defendant, Derrick White, by and through his attorney Byron H. Pitts, and respectfully moves this Honorable Court to order the government produce the following information:

1. The names and addresses of any government informant involved in this case.

2. Any representations, promises, or other consideration offered by the government, it's cooperating agencies, or its agents to any informants concerning the informants' alleged violations of federal and/or state laws.

3. Any representations, promises, or other consideration offered by the government, its cooperating agencies, or its agents to any informants concerning the informants sentencing in the present case.

4. Any representations, promises, or other consideration offered by the government, its cooperating agencies, or its agents to any informants concerning the informants' sentencing in any other pending criminal case or in any potential criminal matter that concerns the informant.

5. A list of any and all potential criminal charges that were not brought by the government, its cooperating agencies, or its agents in exchange for the information provided in the present case.

6. A list of any and all potential criminal charges that were not brought by the government, its cooperating agencies, or its agents in exchange for information provided in any other criminal matter involving any and all of the co-defendants in the present case, including alleged crimes investigated by the Federal Bureau of Investigation which were not included in the Second Superceding Indictment.

7. The precise nature of any monetary consideration offered or promised to any informants including, but not limited to, a listing of finds the government, its agents, or cooperating agencies paid to or on behalf of any informant.

8. The precise nature of any implied or explicit assistance with housing given directly or indirectly to the informant, the informant's family members, or the informant's friends by the government, its cooperating agencies, or its agents.

9. A list of all other sales or purchases of narcotic drugs arranged by any informant along with a list of payments made to any informant in exchange or in return for assisting or arranging drug transaction.

10. Any record maintained by the government, its cooperating agencies, or its agents showing any informant's arrest and conviction record.

11. Any documentation including, but not limited to notes, record, report, or other documents maintained by the government, its cooperating agencies, or its agents documenting conversations between the government, its

cooperating agencies, or its agents and potential informants. This includes both typewritten and handwritten documents.

12. Any documentation including, but not limited to letters, facsimiles, or other communications between the government, its cooperating agencies, or its agents and the counsel of informants. This includes both typewritten and handwritten document.

13. Any record of a "Reward Fund" offer, monetary, or other payment by the government, its cooperating agencies, or its agents to any informant in exchange for information about drug trafficking, drug sales, or other drug-related information.

14. The dates, times, and places of any previous undercover operations by the government, its cooperating agencies, or its agents and informants in the present case, including the consideration the informant received for his/her participation in those operations.

15. Any and all other explicit or implied, direct or indirect, promises, payments, inducements or considerations offered to any informant in exchange for his or her cooperation, assistance, information, or testimony.

**WHEREFORE** defendant Derrick White moves that the government be ordered to reveal the above requested information regarding informants. Pursuant to L.R. 7.1 concurrence with this motion was sought and denied.

Respectfully submitted,
s/BYRON H. PITTS
535 Griswold Street, Suite 1630
Detroit, MI 48226
(313) 964-7222
bpittslaw@sbglobal.net

THE UNITEDS STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

    Criminal No. 15-cr -20040
    Hon. Judith Levy

DERRICK WHITE (D-1)

    Defendant.

___

### BRIEF IN SUPPORT OF MOTION TO REVEAL IDENTITY OF INFORMANTS AND CONTENTS OF DEALS

Now comes Derrick White on by and through his attorney, Byron H. Pitts, and submits this Brief in Support of his Motion to Reveal the Identity of Informants and Contents of Deals.

The confrontation Clause of the Sixth Amendment of the U.S. Constitution guarantees a criminal defendant the right to confront his accusers. See <u>Maryland</u> v. <u>Craig</u>, 497 U.S. 836m 845 (1990) ("The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact."). In order to adequately confront his accusers, a criminal defendant may cross-examine witnesses against him

regarding any bias that they may have against him.  See Fed. R. Evid. 607.  It is well established that the government must disclose evidence of bias on the part of a government witness; including that of any deal between the government and the government witness.  See generally Bagley v. United States, 473 U.S. 667 (1985).  This information regarding possible bias is especially crucial in the instant case, considering the severity of the penalty that may be imposed in the event that the defendant is found guilty.

In the present case, it is likely that many government witnesses will receive some form of consideration for their testimony against Mr. White.  Defendant White requested, pursuant to LR 7.1 that the government provide the information requested in this motion.  The government has declined to do so.  If Mr. White is not apprized of every offer, promise, payment, or other consideration given to every government witness, he will be unable to effectively cross-examine the witness, and will be denied due process if convicted based, at least in part, on the testimony of those witnesses.

For the aforesaid reasons, Mr. White requests that the government disclose any and all information regarding offers,

promises, payments, or other consideration given to every government witness.

Respectfully submitted,
s/Byron H. Pitts
535 Griswold Street, Suite 1630
Detroit, MI 48226
(313)964-7222
bpittslaw@sbcglobal.net

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

　　　　　　　　　　　　　　　　　　　　Case No. 15-20663
　　　　Plaintiff,　　　　　　　　　　　　Hon. Judith E. Levy

vs.

**DERRICK WHITE (D-1),**

　　　　Defendants.
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Carl Gilmer-Hill.

　　　　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　s/Bryon H. Pitts
　　　　　　　　　　　　　　　　　　BRYON H. PITTS (P59079)
　　　　　　　　　　　　　　　　　　Attorney for Defendant Christopher Richardson
　　　　　　　　　　　　　　　　　　The Buhl Building
　　　　　　　　　　　　　　　　　　535 Griswold Street, Suite 1630
　　　　　　　　　　　　　　　　　　Detroit, MI 48226
　　　　　　　　　　　　　　　　　　(313) 964-7222
　　　　　　　　　　　　　　　　　　bpittslaw@sbcglobal.net

DATED: February 16, 2016