# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　**Case # 15-20040**

　　　　　　　　　　　　　　　　　　**HON. JUDITH LEVY**

**LESHOUN BYRD,**

       **Defendant.**

_____/

## DEFENDANT BYRD'S RESPONSE
## TO MOTION FOR ENTRY OF
## PRELIMINARY ORDER OF FORFEITURE

Now comes Leshoun Byrd, Defendant herein, by and through his attorney Steven Fishman, and in response to the government's Motion for Entry of Preliminary Order of Forfeiture states as follows:

1.  On November 7, 2016, Mr. Byrd pled guilty to three counts of the indictment.  To avoid wasting the Court's time, he agreed to plead guilty to the money laundering count because the government was concerned with the concept of "symmetry", to wit; the other defendants, including cooperators, were required to plead to that count so Mr. Byrd should do the same.

2.  Mr. Byrd pled guilty without the benefit of a Rule 11 agreement because the government's suggested guideline range for the instant offenses was so absurd

as to deserve no further comment.

3.   At his guilty plea hearing, Mr. Byrd indeed admitted to being part of a marijuana conspiracy involving more than 1,000 kilograms.  He also agreed, as indicated by the government in its motion, that he "made money from the offense conduct and that he purchased items with the drug proceeds.  He did NOT admit to any of the rest of the allegations contained in the government's motion, including the number of trips involved in the conspiracy or the amount of money made.

4.   He also most certainly did not admit to being accountable "for another 22 trips between June of **2006** and February of 2010 as a member of the conspiracy" because not even the government contends that Mr. Byrd was involved before **2009**.  His involvement in the conspiracy lasted less than one year.

5.   Mr. Byrd also agrees that the government and his counsel entered into an agreement involving the sale of 903 McLean that resulted in the forfeiture of in excess of $72,000 **and the return of $50,000 to Mr. Byrd**.  He further agrees that agents seized firearms from the McLean address when they executed a search warrant there in October, **2016**.  Mr. Byrd has informed the government and informs the Court that he makes no claim to those firearms and has no objection to their forfeiture.

6.   Mr. Byrd does not agree that he was in a similar position to his co-

defendants; therefore, what his co-defendants agreed to in terms of entering money judgments against them is irrelevant.  As indicated in his sentencing memo, Mr. Byrd's involvement in the conspiracy was different than the co-defendants, occurred over a much shorter period of time, and did not result in the type of monetary gains made by the co-defendants.

7.   Agent Campbell's declaration is also irrelevant to this motion because Mr. Byrd denies, and the government cannot prove, that he received anywhere near the amount of money requested in the government's motion.

8.   The fact that the government agreed to return $50,000 to Mr. Byrd after the sale of the McLean residence is the best evidence that the government's motion should be denied.  If in fact the government believed that Mr. Byrd had made the type of money alleged in its motion, and further believed that it had sufficient evidence to justify forfeiture of the proceeds from the sale of the home, why on earth would it agree to return that money to Mr. Byrd?

9.   The government "is requesting entry of a money judgment that represents the proceeds of the conspiracy Defendant benefitted from based on a conservative estimate of the value of marijuana at the time but reduced from that total amount of $880,000."  In fact, the government already conceded that the amount that Mr. Byrd "benefitted" from the conspiracy was somewhere in the vicinity of $72,000 as evidenced by the settlement reached with respect to the

proceeds from the sale of the McLean residence.

WHEREFORE, Defendant Byrd requests that this Court deny the

government's Motion for Entry of Preliminary Order of Forfeiture.

Respectfully submitted,

s/ Steven Fishman
Steven Fishman (P23049)
Attorney for Defendant Byrd
615 Griswold, Suite #1125
Detroit, MI 48226
(313) 962-4090

Dated: April 8, 2017

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**-vs-**                            **Case # 15-20040**

                               **HON. JUDITH LEVY**

**LESHOUN BYRD,**

       **Defendant.**

_____/

## CERTIFICATE OF SERVICE

      I certify that on April 8, 2017, I served a copy of the attached response upon

Julie Beck, Assistant United States Attorney by filing same electronically.

                               s/ Steven Fishman
                               Steven Fishman

-6-