UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 15-cr-20040

v.                                   Judith E. Levy
                                   United States District Judge

D-2 LeShoun Deandre Byrd,
                                   Mag. Judge Elizabeth A. Stafford
                Defendant.

_____/

## **PRELIMINARY ORDER OF FORFEITURE**

The United States of America, having filed a motion for entry of a preliminary order of forfeiture (Dkt. 149) and a supplemental brief (Dkt. 150); Defendant LeShoun Deandre Byrd, having filed a response (Dkt. 151); and the Court, having heard oral argument and being otherwise fully apprised, enters this preliminary order of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b):

An Indictment was filed on or around January 27, 2015, which charged Defendant with Count One, Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), 846; Count Two, Possession with

Intent to Distribute a Controlled Substance; Aiding and Abetting in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii); 18 U.S.C. § 2; and Count Three, Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i), 1956(a)(1)(B)(i)-(ii), 1957. (Dkt. 1.)

The Indictment also sought criminal forfeiture, pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), of any property that was proceeds of, involved in, or property traceable to, the offenses or that facilitated the offenses. (Dkt. 1.)

On February 23, 2016, the government and Defendant entered into a Memorandum of Agreement regarding forfeiture of proceeds of the sale of 903 McLean Avenue, Royal Oak, Michigan. In that Agreement, the government forfeited approximately $122,695.86 in sale proceeds, and Defendant received $50,000 of the sale proceeds.

DEA seized several firearms from 903 McLean Avenue, Royal Oak, Michigan, a residence associated with Defendant, pursuant to a federal search warrant executed there. DEA declared those firearms administratively forfeited on October 4, 2016.

The government filed a Forfeiture Bill of Particulars on or about March 9, 2016, which set forth specific property sought by the Government to be forfeited, in addition to other property that may be identified as forfeitable. (Dkt. 79.)

On or about November 7, 2016, Defendant pleaded guilty, without a Rule 11 Plea Agreement, to Counts One and Three of the Indictment. Defendant was advised at his change of plea hearing that forfeiture is part of the sentence that may be imposed on him in this case. Forfeiture was also pronounced on the record at the sentencing hearing on April 10, 2017, as required by Fed. R. Crim. P. 32.2(b)(4)(B).

Based on the foregoing and relying on evidence in the record, on the factual and legal arguments set forth in the pleadings and on oral argument, as provided by Fed. R. Crim. P. 32.2(b)(1)(B), the Court finds that imposition of a forfeiture money judgment is appropriate as to Defendant Byrd in the amount of Two Hundred Fifty Thousand Dollars ($250,000) in U.S. Currency. This judgment amount represents the proceeds of, or property involved in, or property traceable thereto, of the violations of Count One and Count Three.

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture is final as to Defendant at the time of entry and forfeiture shall be made part of the Defendant's sentence, included in the Judgment, and shall not be the subject of ancillary proceedings given that the forfeiture consists entirely of a money judgment.

It is ORDERED that a forfeiture money judgment in the amount of Two Hundred Fifty Thousand Dollars ($250,000) in U.S. Currency is hereby entered against Defendant LeShoun Deandre Byrd.

It is further ORDERED that the funds already forfeited by the government in the amount of $122,695.86 shall be credited to this money judgment. Therefore, the remaining judgment amount is $127,304.14.

It is further ORDERED that, pursuant to Federal Rule of Criminal Procedure 32.2(e), on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that: (A) is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or (B) is substitute property that qualifies for forfeiture under an applicable statute.

The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

IT IS SO ORDERED.

Dated: April 12, 2017             s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 12, 2017.

                                         s/Felicia M. Moses
                                         FELICIA M. MOSES
                                         Case Manager