# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

United States of America,

                        Plaintiff,          Case No. 15-20040

v.                                          Judith E. Levy
                                            United States District Judge
Leshoun D. Byrd,
                                            Mag. Judge Elizabeth A.
                        Defendant.          Stafford

_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION FOR RESIDENTIAL REENTRY CENTER PLACEMENT [252]

On April 10, 2017, this Court entered judgment after Defendant Leshoun Deandre Byrd pleaded guilty to conspiracy to distribute and to possess with intent to distribute over 1,000 kilograms of marijuana in violation of 21 U.S.C. §§°846, 841(a)(1), 841(b)(1)(A)(vii) (Count 1) and conspiracy to launder monetary instruments in violation 18 U.S.C. §§°1956(h), 1956(a)(1)(A)(i), 1956(a)(1)(B)(i)-(ii), 1957 (Count 3). (ECF No. 159, PageID.1900.) The Court sentenced Defendant to 126 months on Count 1 and Count 3 to run concurrently. (*Id.* at PageID.1901.)

Defendant has been serving his sentence at Federal Correctional Institution Morgantown in Morgantown, West Virginia since June 30, 2017. (ECF No. 252, PageID.4403.). His current release date is projected to be June 9, 2026. (*Id.* at PageID.4404.) Defendant now seeks a judicial recommendation for residential reentry center (RRC) placement. (ECF No. 252.) For the foregoing reasons, Defendant's motion is DENIED WITHOUT PREJUDICE.

Under the Second Chance Act of 2007, Pub. L. No. 110–199, § 251, 122 Stat. 657 (2008), the Director of the Bureau of Prisons (BOP) may place an incarcerated individual in an RRC up to twelve months prior to their release. 18 U.S.C. § 3624(c)(1); *see also Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009). Such placement is intended to "afford that [individual] a reasonable opportunity to adjust to and prepare for the reentry of that [individual] into the community." 18 U.S.C. § 3624(c)(1). While the First Step Act of 2018 elaborated on the appropriate risk assessment levels for individuals placed in prerelease custody, it did not alter BOP's authority to make determinations related to prerelease custody or provide individuals with a right to RRC placement. Pub. L.

No. 115–391, § 102, 132 Stat. 514 (2018); *see also United States v. Parks*, No. 1:17CR137, 2019 WL 5085968, at *2 (N.D. Ohio Oct. 10, 2019).

In determining whether placement in a residential reentry center or other prerelease custody is appropriate, BOP conducts an individualized assessment based on the five factors set out in § 3621(b). 28 C.F.R. § 570.22; *see also Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *1 (6th Cir. Dec. 29, 2009). One of those factors is "any statement by the court that imposed the sentence . . . *recommending a type of penal or correctional facility as appropriate*."[1] 18 U.S.C. § 3621(b)(4). However, "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect" on BOP.

---

[1] Courts in this District are divided over whether issuing such a recommendation after sentencing is appropriate. *Compare United States v. Hall*, No. 2:17-CR-20331-TGB, 2019 WL 3334564, at *1 (E.D. Mich. July 25, 2019) (Berg, J.) (recommending defendant serve the last 12 months of his sentence in an RRC) *with United States v. Tipton*, No. 14-20142, 2018 U.S. Dist. LEXIS 49178, at *2 (E.D. Mich. Mar. 26, 2018) (Edmunds, J.) ("Defendant has not shown that the Court has authority to make a judicial placement recommendation."). However, the text of § 3621(b)(4) does not limit judicial recommendations to those made at sentencing. Instead, it provides that BOP must consider "*any statement* by the court that imposed the sentence"—not just those made at sentencing. 18 U.S.C. § 3621(b)(4) (emphasis added).

18 U.S.C. § 3621(b); *c.f. Tapia v. United States*, 564 U.S. 319, 331 (2011); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015).

Defendant acknowledges that any recommendation of the Court would not be binding on BOP. (ECF No. 252, PageID.4405.) In support of his motion, Defendant cites his current lack of disciplinary infractions, his continued minimum risk score, and his completion of numerous educational programs, including obtaining his GED. (*Id.* at PageID.4404 (citing ECF Nos. 252-1, 252-2).) These appear to include courses in civil rights history, real estate, and general contracting and construction, along with several certificates related to welding. (ECF No. 252-2.)

Nevertheless, the appropriate time period for a judicial recommendation of this nature is 17 to 19 months before an individual's projected release date, when BOP conducts its review for potential RRC placement. *See Galvin v. Sepanek*, No. 12-CV-119-HRW, 2014 WL 4230467, at *2 (E.D. Ky. Aug. 25, 2014) (quoting *Ramirez v. Eichenlaub*, No. 06–CV–1493, 2008 WL 4791892, 3 (E.D. Mich. Oct. 30, 2008)); *see also Hall*, 2019 WL 3334564, at *1 (noting that Hall's previous motion for a judicial recommendation had been denied because he was not within 17 to 19 months of his projected release date). By adopting BOP's timeline

4

for determining the appropriate length of RRC placement, a court ensures that it has a more complete record of the defendant's time in custody before making its recommendation.

As the Government points out here, Defendant has served less than 40 months of his original 126-month sentence and will not be eligible for placement in an RRC until June 2025, at the earliest. (ECF No. 258, PageID.4444–4445.) The Court applauds Defendant for his efforts thus far to gain skills that will assist him in being productive and successful following his eventual release. However, because there are still more than 67 months until Defendant's protected release date, his motion for a recommendation from the Court is premature.

Accordingly, the Court DENIES Defendant's motion for a judicial recommendation for RRC placement WITHOUT PREJUDICE. Defendant may renew this motion with the Court when he is within 19 months of his projected release date.

IT IS SO ORDERED.

Dated: October 23, 2020             s/Judith E. Levy
Ann Arbor, Michigan                JUDITH E. LEVY
                                   United States District Judge

5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 23, 2020.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager